Filed 6/8/23 P. v. Brownlee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BENJAMIN JUSTIN BROWNLEE,<br><br>    Defendant and Appellant. | C091028<br><br>(Super. Ct. No. 16FE018278) |

Defendant Benjamin Justin Brownlee appeals from an order denying his petition to vacate his murder conviction under Penal Code section 1172.6.[1] In 2020, appointed counsel for defendant asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) When defendant did not file a supplemental brief, this court

---

[1] Undesignated statutory references are to the Penal Code. Defendant filed his petition under former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

1

dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellate counsel filed supplemental briefing asking this court to "comply with its notice obligations under *Delgadillo*" and exercise its discretion to independently review defendant's case if defendant does not file a supplemental brief. This court sent a notice to defendant informing him of his opportunity to file a supplemental brief under *Delgadillo* and defendant filed a supplemental brief raising two issues. Having considered defendant's arguments, we will affirm the trial court's order.

I

In August 2017, a jury convicted defendant of first degree murder (§ 187, subd. (a)) and robbery (§ 211) and found true a robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)(A)). On direct appeal, this court summarized the evidence from trial, which included statements from defendant that he choked the victim to death. After police apprehended defendant, his ex-girlfriend gave them a backpack containing some of the victim's possessions and said the backpack belonged to defendant. This court affirmed the convictions. (*People v. Brownlee* (Apr. 16, 2019, C085652) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing under former section 1170.95, alleging he had been prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first degree murder; and he could not currently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.

The trial court appointed counsel and received briefing. At a hearing, the prosecution argued that because the jury had found true a robbery-murder special-circumstance allegation, defendant was ineligible for relief as the actual killer. The trial court agreed and denied the petition.

2

## II

Defendant's appointed counsel asked this court to provide defendant notice under *Delgadillo* and conduct an independent review of the record to determine whether there are any arguable issues on appeal if defendant does not file a supplemental brief. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying that where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Defendant first raises various issues related to his original trial, arguing evidence related to the backpack should have been suppressed and asserting someone else killed the victim, a statement he previously made at trial. None of those issues are cognizable in an appeal from an order denying a resentencing petition under section 1172.6. (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) This court affirmed defendant's convictions in 2019 and the judgment is now final. (*People v. Brownlee, supra*, C085652.)

Nor may defendant relitigate issues already decided by the jury. (*People v. Coley* (2022) 77 Cal.App.5th 539, 549.) "Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as

3

described in subdivision (d) of . . . [s]ection 190.2.' " (*People v. Strong* (2022) 13 Cal.5th 698, 710.) Thus, an affirmative jury finding as to an allegation under section 190.2, subdivision (a)(17) "ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill [No.] 1437 and thus preclude[s] the defendant from making a prima facie case for relief. If a jury has determined beyond a reasonable doubt that a defendant was a major participant who acted with reckless indifference to human life, as those phrases are now understood and as the Legislature intended them to be understood when incorporating them into . . . section 189, then that defendant necessarily could still be convicted of murder under section 189 as amended." (*Strong*, at p. 710.) The jury in defendant's case made such a finding in August 2017 and he is thus ineligible for relief under section 1172.6.

Defendant also argues the passage of Assembly Bill No. 256 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 739) entitles him to relief because the jurors at his trial were White. As relevant here, Assembly Bill No. 256 amended section 745, which allows a defendant to file a writ of habeas corpus or a motion under section 1473.7 asserting a criminal conviction was obtained based on the defendant's race, ethnicity, or national origin. Defendant is appealing a resentencing petition under section 1172.6, however, not a writ of habeas corpus or a motion under section 1473.7. The racial composition of defendant's jury has no bearing on his eligibility for relief under section 1172.6.

Moreover, section 745 is not yet retroactive to defendant's case. The amendments provide retroactivity for different types of cases on a tiered schedule extending through 2026. (Stats. 2022, ch. 739, § 2.) As of January 1, 2023, section 745 applies to all non-final cases and cases in which a petitioner "is sentenced to death or to cases in which the motion is filed pursuant to [s]ection 1473.7 because of actual or potential immigration consequences related to the conviction or sentence." (§ 745, subd. (j).) Defendant does not meet any of these conditions.

Defendant's arguments lack merit.

4

# DISPOSITION

The trial court's order denying the petition is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
RENNER, J.